# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Oliver Drorbaugh, | No. 14-00845 PHX SRB (JZB) |
| Movant/Defendant, | (No. CR-13-00268 PHX SRB) |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Respondent/Plaintiff. | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Movant James Oliver Drorbaugh has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255, seeking to vacate or set aside a sentence imposed by the Court. (Doc. 1.)[1]

## I.   SUMMARY OF CONCLUSION

Movant's claim that counsel could have uncovered evidence that undermined his "intent and culpability" is foreclosed by *Tollett v. Henderson*, 411 U.S. 258, 267 (1972). Movant's claim that counsel failed to describe Movant's cooperation with law enforcement is belied by the record. Movant's other claims—that counsel should have presented more persuasive arguments at sentencing—fail because Movant cannot establish prejudice where he was sentenced below the guideline range.

---

[1] Citations to "Doc." are to the docket in CV-14-845-PHX. Citations to "CR Doc." are to the docket in the underlying criminal case, CR-13-0268-PHX.

## II. Procedural History

On February 22, 2013, an Information charged Movant with one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(5)(B), (b)(1). (CR Doc. 4.)

On February 22, 2013, pursuant to a written plea agreement, Movant pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(1), and 2256. (CR Doc. 10.) The written plea agreement noted that the maximum term of imprisonment for a conviction on this charge was ten years, and stipulated that Movant would be sentenced to a term of between four and six years imprisonment. (*Id.*) In the written plea agreement, Movant expressly waived his rights to appeal and collaterally attack his conviction and sentence under the following terms:

> Providing the defendant's sentence is consistent with this agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objection that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). The defendant acknowledges that if the Court has sentenced the defendant according to the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

(*Id.* at 4-5.)

On April 30, 2013, Movant, through counsel, filed objections to the presentence investigation. (CR Doc. 19.) On June 12, 2013, pursuant to a written plea agreement (CR Doc. 30), judgment was entered against Movant and the Court sentenced Movant to a term of six years imprisonment, followed by a lifetime term of supervised release (CR Doc. 29).

III.  **MOTION TO VACATE OR SET ASIDE SENTENCE**

  A.  **Movant's Claims**

On April 29, 2014, Petitioner filed the instant habeas petition, which advances four grounds for relief:

> **Ground 1**: Counsel was ineffective at sentencing by failing to advise the Court that "there was a very high probability that multiple individuals were subsequently investigated due to Drorbaugh's cooperation with the FBI" and Movant's cooperation "warranted a downward departure from the range of sentencing" or a sentence at the low end of the range.
>
> **Ground 2**: "Counsel failed to investigate leads Drorbaugh had given the FBI," which "would have been detrimental to proving Drorbaughs intent and culpability to specific material the FBI was investigating" that "would have contributed in the negotiation of a more appropriate plea agreement or at the very least argue for the lower end of the existing plea agreement during sentencing."
>
> **Ground 3**: Counsel "misrepresented the final agreement . . . to manipulate Drorbaugh in signing" and "failed to investigate and perform any independent forensics that would have been favorable to Drorbaugh." Counsel "confused Drorbaugh" regarding the evidence and proof of "intent," which resulted in "Drorbaugh reluctantly" signing the agreement.
>
> **Ground 4**: Counsel was ineffective at sentencing by failing to argue "it was not in Drorbaugh[']s character to have any intent in this particular crime." Also, counsel should have argued "opinions of professionals in the fields of child exploitation" and other factors that would have resulted in a lower sentence.

(Doc. 1.)

  B.  **Analysis**

   1.  **Ground One**

Movant asserts counsel was ineffective by failing to advise the Court at sentencing that his cooperation warranted a downward departure. (Doc. 1 at 14.) Movant asserts his cooperation regarding the state conviction of "M.H." warranted a reduction. (*Id.*) He also claims "there was a very high probability that multiple individuals were subsequently investigated due to [his] cooperation with the FBI." (*Id.*)

Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim,

1  Petitioner must show: (1) deficient performance-counsel's representation fell below the
2  objective standard for reasonableness; and (2) prejudice—there is a reasonable
3  probability that, but for counsel's unprofessional errors, the result of the proceeding
4  would have been different. *Id*. at 687–88. Although a petitioner must prove both
5  elements, a court may reject his claim upon finding either that counsel's performance was
6  reasonable or that the claimed error was not prejudicial. *Id*. at 697.

7  The record demonstrates that sentencing counsel thoroughly advised the Court of
8  Movant's cooperation. Counsel filed a presentence objection summarizing Movant's
9  repeated cooperation. (CR Doc. 19.) Counsel described two meetings between Movant
10 and law enforcement. (CR Doc. 19 at 2.) Counsel described the arrest and state
11 conviction of M.H. (*Id*.) The government's response to counsel's objections further
12 detailed Movant's cooperation.[2] (CR Doc. 20 at 5.)

13 Movant's assertion there was a "high probability" that other individuals were
14 investigated as a result of his cooperation is belied by the record. The government, by
15 stating that no U.S.S.G. §5K1.1 departure was warranted, avowed that his cooperation
16 did not result in additional prosecutions. (*Id*.) Counsel avowed that he investigated M.H.
17 and determined "no witness or report in the State's MH prosecution reflected any federal
18 involvement or information was used to prosecute MH." (CR 7, Ex. 2 at 2.) Movant
19 therefore does not establish that counsel representation fell below the objective standard
20 for reasonableness.

21 Movant's claim that his cooperation "warranted a downward departure" is
22 foreclosed by Movant's waiver of his appeal rights. Movant's plea agreement includes
23 an explicit waiver of any collateral attack directed at "any aspect of the defendant's

---

[2] The prosecution wrote: "After the police left his residence Mr. Drorbaugh, through his attorney, scheduled a number or meetings with law enforcement to provide additional information regarding the illegal drugs found in his residence and the child pornography located on his computer. Mr. Drorbaugh provided information about other possible participants in criminal activities. Although not reaching the level of warranting a U.S.S.G. §5K1.1 departure, the Government still appreciates and recognizes Mr. Drorbaugh's willingness to discuss further his involvement in these crimes." (CR Doc. 20 at 5.)

- 4 -

sentence, including the manner in which the sentence is determined." (CR Doc. 10 at 4-5.) A defendant's waiver of appellate rights is enforceable when "(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Spear*, 753 F.3d 964, 967 (9th Cir. 2014) (citation and quotation omitted).[3] *See also*, *United States v. Serrano-Navarro*, 510 Fed. Appx. 558, 559, 2013 WL 646842, 1 (9th Cir. 2013) (unpublished) (finding waiver of downward departure argument where "appeal waiver covers challenges to both the sentence itself and the manner in which it was calculated").

### 2. Ground Two

Movant's claim that counsel "failed to investigate leads Drorbaugh had given the FBI," which "would have been detrimental to proving Drorbaugh's intent and culpability to specific material the FBI was investigating" (Doc. 1 at 15) was waived by Movant's guilty plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1972). Aside from a challenge to the voluntary and intelligent character of the plea itself, the entry of a guilty plea generally forecloses all collateral attacks with the exception of jurisdictional claims. *United States v. Broce*, 488 U.S. 563, 574 (1988).

Movant also claims that counsel did not investigate "M.H. and his Gigatribe connection." (Doc. 1 at 15.) He claims that counsel's investigation of the case "would have contributed in the negotiation of a more appropriate plea agreement or at the very least [allowed counsel to] argue for the lower end of the existing plea agreement during sentencing." (Doc. 1 at 15.) Movant's counsel advised the Court of Movant's cooperation and he argued for the lowest possible sentence. (CR Doc. 19 at 12.) As detailed in Ground One, M.H. was independently convicted by state authorities. Because

---

[3] The Court addresses Movant's knowing and voluntary entry into the plea agreement under Ground Three.

Movant did not provide sufficient cooperation to warrant a U.S.S.G. §5K1.1 downward departure, Movant does not establish that counsel was ineffective for failing to secure a better plea offer. Importantly, the government requested a below-guideline sentence based upon Movant's willingness to assist the government. Therefore, Movant does not satisfy either *Strickland* prong on Ground Two.

### 3. Ground Three

Movant asserts two separate points in Ground Three. First, Movant argues that counsel "misrepresented the final agreement . . . to manipulate Drorbaugh in signing," and counsel "confused" him regarding the agreement and the proof of intent required. (Doc. 1 at 16.) The Court reviews whether Movant knowingly, intelligently, and voluntarily entered into the plea agreement. Specifically, the Court reviews whether Movant was confused regarding the plea agreement and whether he understood the proof of intent the government was required to produce.

The record establishes that Movant knowingly and voluntarily entered into the plea agreement. The Magistrate Judge described the elements of the offense, including the requirement that Movant "knowingly possessed an image of child pornography." (CR Doc. 36 at 32-33.) The Court asked Movant:

> THE COURT:  Do you understand, Mr. Drorbaugh, that if – the crime you are pleading guilty to that the Government must prove each and every one of those three elements beyond a reasonable doubt including that particular phrase sexually explicit conduct as defined in your plea agreement before you could be found guilty?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And notwithstanding that knowledge, you still wish to plead guilty; correct?
>
> THE DEFENDANT: Yes, Your Honor.

Movant does not dispute that the plea agreement and the Court accurately listed the elements of the offense. Movant also agreed to the detailed factual basis presented by the government. (*Id*. 36-38.)

>THE COURT: Do you agree that the Government could prove everything she said beyond a reasonable doubt if there was a trial in this case?
>
>THE DEFENDANT: Yes, Your Honor.

(*Id*. at 38.) Movant's statements to the Court carry substantial weight. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible").

Movant also indicated during the change of plea proceeding that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (*Id.* at 17.) Movant indicated, among other things, that he understood: (1) the four to six year range of imprisonment stipulated in the agreement (*id*. at 27); (2) his right to a jury trial (*id*. at 15); (3) his right to maintain his not guilty plea (*id*.); (4) his right to an attorney (*id*.); (5) the presumption of innocence (*id*.); (6) the Government's obligation to prove his criminal act beyond a reasonable doubt (*id*.); (7) his right to testify at trial (*id.* at 16); (8) his right to cross-examine witnesses (*id*.); (9) his right not to testify, and that his silence could not be held against him (*id*.); (10) his waiver of his appellate rights or his ability to collaterally attack the judgment and sentence (*id*. at 16); (11) the statutory maximum sentences and fines for his crime (*id*. at 20); (12) the imposition and nature of supervised release (*id*. at 20); (13) the mandatory special assessment (*id*. at 21); and (14) the nature of sentencing (*id*. at 25-27).

Because Movant was adequately informed of the consequences of his plea, Movant's guilty plea can be considered voluntary and knowing.[4] *See Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Movant has not demonstrated "that counsel's representation fell below an objective standard of reasonableness." *Nunes v. Mueller*, 350

---

[4] Petitioner's claim that he was manipulated and confused by his attorney is inconsistent with his statement at sentencing. Petitioner responded "Yes," when asked by the Court if he was "satisfied with the representation your lawyer provided?" (CR Doc. 34 at 6.)

- 7 -

F.3d 1045, 1051 (9th Cir. 2003) (internal quotation and citation marks omitted). Counsel's representation is judged under a "most deferential" standard. *Premo v. Moore*, 562 U.S. 115 (2011).

Movant's second claim that counsel "failed to investigate and perform any independent forensics that would have been favorable to Drorbaugh" is waived and fails on the merits.[5] (Doc. 1 at 16.) Movant waived the right, under the terms of the plea agreement, to challenge his sentence. (CR Doc. 10 at 4-5.) Further, Movant does not establish how additional information would have been favorable to him. Without some detail about what beneficial additional investigation will reveal, a defendant cannot meet the prejudice prong of the *Strickland* test. *Hendricks v. Calderon,* 70 F.3d 1032, 1042 (9th Cir. 1995). Moreover, counsel stated that no additional forensic work was conducted on the computer because "requesting such a forensic review of the computer would have resulted in numerous images being located." (Doc. 7-2 at 3.) Counsel must conduct a "reasonable investigation" in order to make informed decisions about how to best represent the client, and must make "reasonable decisions" about what particular investigation is unnecessary. *Hendricks*, 70 F.3d at 1036. (9th Cir. 1995) (citations omitted). Movant fails to establish that counsel failed to do so here.

### 4. Ground Four

Movant argues counsel was ineffective at sentencing by failing to argue "it was not in Drorbaugh's character to have any intent in this particular crime." (Doc. 1 at 17.) Movant also claims counsel should have argued "opinions of professionals in the fields of child exploitation" that the sentencing guidelines are inconsistent, and other factors that would have resulted in a lower sentence. (*Id.*)

Movant pleaded guilty, so an argument that it was not in his character to commit the crime is meritless. *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance

---

[5] To the extent this argument implicates evidence of Movant's guilt, that claim is waived by Movant's guilty plea. *See Tollett*, at 267.

- 8 -

of counsel."). Counsel argued that the guidelines in child pornography cases were rigid and inconsistent. (*See* CR Doc. 19 at 12 ("It is unfortunate the guidelines have not kept pace with technology and not been supported by independent and subjective scientific analysis.")). The Court echoed counsel's argument: "I believe that there is some general recognition that because the child pornography guideline sentencing ranges are driven by the amount of images, that they quickly reach levels that may not meet the 18 U.S.C., Section 3553 factors, which is the case here." (*Id*. at 16.) The Court departed from a guideline range of 78 to 97 months imprisonment, and imposed a sentence of 72 months. (*Id.* at 16, 18.) The Court considered counsel's argument on this point, so Movant does not establish he was prejudiced by counsel's conduct under the second prong of *Strickland*. Finally, Movant's claim that counsel should have argued that other courts have made "drastic reductions" in similar cases is insufficient to establish prejudice. Because the Court sentenced Movant below the advisory guideline range, Movant also fails to establish prejudice on this basis. Movant's speculative and conclusory allegations to the contrary are insufficient. *See Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) ("cursory and vague [ineffective assistance of counsel claim] cannot support habeas relief").

Accordingly,

**IT IS RECOMMENDED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because Defendant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file

specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 26th day of June, 2015.

Honorable John Z. Boyle
United States Magistrate Judge